IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ELIZABETH PHILLIPS HARMON,

    Plaintiff,

v.

    CIVIL ACTION NO. 2:13cv269

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

### *MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Plaintiff Elizabeth Phillips Harmon's objections to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Magistrate Judge's Report and Recommendation (ECF No. 13) is **ADOPTED**, Defendant's Motion for Summary Judgment (ECF No. 11) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 8) is **DENIED**, Plaintiff's Motion for Remand (ECF No. 9) is **DENIED**, and the decision of Defendant, the Commissioner of the Social Security Administration, to deny Social Security Act disability insurance benefits is **AFFIRMED**.

### I. FACTUAL AND PROCEDURAL HISTORY

In 2010, Elizabeth Phillips Harmon ("Plaintiff") filed an application for disability insurance benefits ("DIB"). Certified Administrative Record 24 (hereafter abbreviated as "R."). In her application, Plaintiff requested benefits from May 25, 1998, her alleged onset of disability, through December 31, 1999, the date last insured (hereafter referred to as "the relevant period"). R. 26. Plaintiff alleges that on May 25, 1998, she fell on a concrete boat ramp and injured her right knee, resulting in two surgeries and the use of crutches for one year. R. 56-58. Plaintiff

1

also alleges she had been disabled as a result of chronic obstructive pulmonary disease ("COPD"), attention deficit disorder, hand numbness, and severe neck, shoulder, arm and wrist pain. R. 122-24, 145 167-172. The Commissioner of the Social Security Administration ("Commissioner" or "Defendant") initially denied Plaintiff's DIB application on June 9, 2010, and upon reconsideration, denied her application again on September 24, 2010. R. 69-82. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on August 16, 2011. R. 51-68. On September 19, 2011, the ALJ issued a decision denying Plaintiff's claim for DIB, finding that Plaintiff was not under disability during the relevant period. Specifically, the ALJ found that while Plaintiff's right knee impairments were severe, all other impairments were not severe during the relevant period, and Plaintiff maintained the residual functional capacity ("RFC") to perform less than a full range of light work in a significant number of existing jobs. R. 24-34. On March 12, 2013, the Appeals Council denied a request to review the ALJ's decision. R. 5-9.

On May 13, 2013, Plaintiff filed a complaint seeking this Court's review of the denial of DIB by the Commissioner. The parties filed cross-motions for summary judgment and Plaintiff filed an alternative motion to remand. On August 23, 2013, United States Magistrate Judge Tommy E. Miller ("Magistrate Judge") filed his Report and Recommendation ("R&R"), in which he recommends that the decision of the Commissioner be affirmed.[1] Plaintiff has filed objections to the R&R, which Defendant opposes. This matter is now ripe for disposition by the Court.

---

[1] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a Magistrate Judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . ."

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of the Magistrate Judge, a district judge "must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the Magistrate Judge], if objected to, are subject to final *de novo* determination...by a district judge...."). Under *de novo* review, the Magistrate Judge's R&R carries no presumptive weight, and the district court may accept, reject or modify the report, in whole or in part, and may recommit the matter to the Magistrate Judge with instructions. *Halloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions."). When conducting this *de novo* determination, a district court judge must give "fresh consideration" to the relevant portions of the Magistrate Judge's R&R. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by

3

substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

## III. DISCUSSION

Plaintiff has asserted three objections to the R&R, arguing that the Magistrate Judge erred in finding that the ALJ's rule application, RFC determination and credibility evaluation were proper. First, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ followed the treating physician rule to appropriately weigh and sufficiently explain the medical opinions in the record. In making the RFC determination, an ALJ must consider all relevant medical evidence, and opinions from treating physicians will be given controlling weight if two conditions are met: 1) the opinions are supported by medically acceptable clinical and laboratory diagnostic techniques; and 2) the opinions are not inconsistent with other substantial evidence in the record. *See Craig*, 76 F.3d at 590 (quoting 20 C.F.R. § 404.1527(d)(2)). However, a treating physician's testimony is not automatically given such deference. *See id.* ("[Fourth] Circuit precedent does not require that a treating physician's testimony be 'given controlling weight.'") (citations omitted). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.*

If the ALJ determines the treating physician's opinion is not entitled to controlling weight, he or she still must decide how much weight to give the opinion and must provide "specific reasons" for the weight given to the treating source. *See* Social Security Ruling ("SSR") 96-2p, 1996 WL 374188; *see also* 20 C.F.R. § 404.1527 ("Regardless of its source, we will evaluate every medical opinion we receive."). An ALJ is required to weigh medical opinions based on: "(1) whether the physician has examined the applicant, (2) the treatment

relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6). In addition, the ALJ may consider "any other factors that tend to support or refute the opinion." SSR 06-03p, 2006 WL 2329939 at *4-*5.

The R&R recommends that the Court accept the ALJ's assignment of slight weight to Dr. Phillip R. Thomas's opinion. The Court finds that the ALJ considered the above factors and offered detailed reasons for giving Dr. Thomas's opinions slight as opposed to controlling weight. Dr. Thomas found Plaintiff had suffered from extreme limitations, but his opinion was inconsistent with record evidence from the relevant period, which showed Plaintiff could have performed light work. The ALJ considered that, while Dr. Thomas has been Plaintiff's treating physician for years, he did not offer the opinion at issue until 2011, eleven years after the relevant period. *See* R. 646-652; *see also Russell*, 440 F. App'x. at 164 (concluding that the ALJ did not err in discounting the treating physician's opinion where the physician had not seen plaintiff for six months prior to issuing an assessment). The ALJ adequately articulated his finding that Dr. Thomas's 2011 opinion cited impairments that arose after 1999 or caused no significant limitations during the relevant period. R. 29-31. This finding was supported by Dr. Thomas's previous treatment notes, examination records, and Plaintiff's comments regarding her physical and mental improvement, as well as the opinions of Dr. Ernesto Luciano-Perez, Dr. Anuradha Datyner and Dr. Anthony J. DiStasio, physicians who examined Plaintiff during the relevant period. *See* R. 196-97; 450-56; 473; 504; 513; 577-80; 588-89. The Court agrees with the R&R and concludes that the ALJ sufficiently explained the weight he assigned to Dr.

Thomas's opinion. Therefore, the objection to the application of the treating physician rule is unavailing to Plaintiff.

Second, Plaintiff objects to the ALJ's determination of her RFC, challenging his determination of her ability to perform a limited range of light work during the relevant period. A claimant's RFC "is the most [the claimant] can do despite [her] limitations." 20 C.F.R. § 404.1545 (a)(1). In other words, the "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p; *see also Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) (noting that RFC is "the bureaucratic term for ability to work."). The ALJ is responsible for assessing the claimant's RFC. 20 C.F.R. § 404.1546(a). When assessing a claimant's RFC, the ALJ must consider all relevant evidence, including the "[claimant's] subjective complaints, the objective medical evidence, and the opinions of treating, examining, and non-examining physicians." *Felton-Miller v. Astrue*, 459 F. App'x. 226, 231 (4th Cir. 2011); *see also* 20 C.F.R. § 404.1520(e). The ALJ is "not required to obtain an expert medical opinion" in assessing a claimant's RFC. *Id.*

In this case, the ALJ discussed Plaintiff's RFC in his findings. The ALJ concluded Plaintiff could perform a limited range of light work with a sit-stand option and no more than two hours per day of walking and standing, which accounted for the limitations related to her knee injury and other impairments. R. 28-32. In accordance with the R&R, this Court finds that the ALJ considered all record evidence, including Plaintiff's own comments and her physicians' notes, to deduce that Plaintiff's migraines, COPD, and stomach problems were controlled with medication, her depression and anxiety improved with treatment, and her alleged muscle pain could not be confirmed as a significant issue. R. 30-31. The ALJ also considered chest x-rays

and a MRI of the brain to discover no significant complaints of respiratory or gastrointestinal problems. *Id.* After reviewing the relevant evidence, the ALJ appropriately determined that the only severe impairment Plaintiff suffered was the knee injury, from which the record shows she regained her full active range of motion in November 1999. R. 582. The ALJ's determination accurately reflects the record evidence; thus, the ALJ discussed Plaintiff's abilities and impairments as required by regulation and substantial evidence in the record supports the Magistrate Judge's conclusion that the ALJ appropriately assessed Plaintiff's RFC. This objection to the RFC determination lacks merit.

Third, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly evaluated the credibility of her testimony during the hearing. More specifically, Plaintiff alleges that the ALJ improperly evaluated the factors and evidence required in assessing her credibility. In evaluating a claimant's subjective symptoms, the ALJ must follow a two-step analysis: 1) determine whether objective medical evidence supports the existence of medical impairments which result from anatomical, physiological, or psychological impairments that reasonably could produce the pain or other symptoms alleged; and 2) if the claimant meets the threshold inquiry, then the ALJ must evaluate claimant's statements about the intensity and persistence of the pain and the extent to which it impacts the claimant's ability to work. *Craig*, 76 F.3d at 594-95; *see also* 20 C.F.R §§ 404.1529(a) and (c); 416.929(a) and (c). In other words, "[o]nce an underlying physical or [m]ental impairment that could reasonably be expected to cause [a symptom] is shown by medically acceptable objective evidence . . . the adjudicator must evaluate the disabling effects of a disability claimant's [symptom], even though its intensity or severity is shown only by subjective evidence." *Hines v. Barnhart*, 453 F. 3d 559, 564 (4th Cir. 2006). At this second step, such evaluation of claimant's statements leads to a credibility determination

reserved for the ALJ, and this Court must show deference to the ALJ's credibility determinations unless they are "unreasonable, contradict[] other findings of fact, or [are] based on inadequate reason or no reason at all." *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997) (quoting *NLRB v. McCullough Envtl. Servs., Inc.*, 5 F.3d 923, 928 (5th Cir. 1993)); *but cf. Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) (noting that the court reserves the power to review the ALJ's decisions for substantial evidence).

Here, the ALJ outlined all of the evidence he considered in assessing the credibility of Plaintiff's statements. R. 29-31. The ALJ recognized that Plaintiff's subjective judgment of her symptoms at the hearing was not fully credible to the extent her testimony conflicted with objective medical evidence and the statements made by Plaintiff and her physicians during the relevant period. The ALJ cited Plaintiff's own statement in November 1999 that she had no problems with her knee and hip to report in addition to her December 1999 statement that her anti-depressant was helping her. R. 451, 582. The ALJ balanced Plaintiff's recent testimony against evidence from the relevant period indicating Plaintiff suffered from various conditions but could have engaged in a limited range of light work. R. 29-31. In view of these facts, the Court finds that substantial evidence supports the ALJ's credibility determination, and Plaintiff's objection fails on this ground.

## IV. CONCLUSION

After careful *de novo* review of the objections to the Magistrate Judge's Report and Recommendation, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. The Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth by the United States Magistrate Judge filed May 6, 2014. Therefore, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is

**DENIED**, and Plaintiff's Motion for Remand is **DENIED**. Accordingly, Defendant's decision to deny supplemental security income is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 17, 2014

/s/
Raymond A. Jackson
United States District Judge